E-FILED
Tuesday, 23 February, 2016  03:58:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER CROOM, | ) |
| Plaintiff, | ) |
| vs. | ) 15-CV-4116-SLD |
| DAVID CLAGUE, *et. al.*, | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER-AMENDED COMPLAINT

Plaintiff has filed a Motion to Amend his Complaint [9] which is GRANTED. The Court now undertakes a merit review of the Amended Complaint pursuant to 28 U.S.C. §1915A.  Under §1915A the court is required to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.   A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).   However, conclusory statements and labels are insufficient.   Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The plaintiff, a pretrial detainee proceeding *pro se*, files this 42 U.S.C. §1983 action against Knox County Sheriff David Clague, Jail Administrator Glossip and Chief of Operations Brad Abernathy.   Plaintiff alleges that from February 2015 through October 2015, jail administrators have deducted a daily $5.00 fee from his jail account.   Plaintiff asserts that he is not a convicted prisoner owing restitution to the County and that this administrative fee violates his Fifth and Fourteenth Amendment rights.

It is a fundamental principal that the government may not subject a pretrial detainee to any form of punishment for the crime for which he is charged. *Barnes v. Brown County*, 11- 00968, 2013 WL 1314015, at *2 (E.D. Wis. Mar. 30, 2013). A daily lock-up fee, however, is not punishment if the County does not collect more than the actual per-day cost of maintaining the prisoner; and the amounts are refunded if acquitted of the charge. *Id*. at *3 (finding a $20.00 daily lock-up fee did not violate due process). Plaintiff does not allege that he has been acquitted and has been denied his reimbursement and, therefore, fails to state a Fourteenth Amendment Due Process claim regarding the $5.00 daily administrative fee.

Plaintiff does state a colorable claim for deliberate indifference in that he has not received requested mental health treatment. He alleges that this has caused him to get into fights though he admits that he is currently in segregation "for a different issue". He also complains of constant headaches and notes he is receiving medication but, that the doctor won't do anything to discover the reason for the headaches. Doctor Doe will be added as a defendant and this claim of deliberate indifference will go forward.

Defendants Administrator Glossip and Operations Chief Abernathy are DISMISSED as the complaint contains no allegations against them. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). However, merely naming a defendant in the caption is insufficient to state a claim." *Jones v. Butler*, No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014).

While the complaint contains no allegations against Defendant Sheriff Clague, he will remain in the case for the limited purpose of helping to identify the Doe Defendant. *See Wetzel v. Sheahan*, 2000 WL 222557 * 4 (7th Cir. Feb. 22, 2000)(court to assist pro se plaintiff who, due to incarceration, has limited ability to identify the proper defendants). *See also, Donald v Cook Co. Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996) (the court may assist the plaintiff by allowing the case to proceed to discovery against high-level administrators with

the expectation that they will identify the officials personally responsible.)

**IT IS THEREFORE ORDERED:**

      1.      Plaintiff's Motion for Leave to Amend [9] is GRANTED. The Clerk is DIRECTED to file the Amended Complaint. Plaintiff's Motions for Status [10] and [12] are rendered MOOT.

      2.      This case shall proceed solely on the federal claim(s) identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Glossip and Abernathy are DISMISSED. Sheriff Clague will remain a Defendant for the limited purpose of helping to identify the Doctor Doe who was allegedly deliberately indifferent to Plaintiff. Doctor Doe is to be added as a Defendant in this case.

      3.      The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

      4.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

      5.      Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate

under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

      6.     Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

      7.     Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

      8.     Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

      9.     Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

     **1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,**

     **2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

Entered this 23rd day of February, 2016.

                                                                                                   _____s/Harold A. Baker_____
                                                                                                     HAROLD A. BAKER
                                                                       United States District Judge